UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RYAN P,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.

Case No. 3:25-cv-05407-TLF

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of the Administrative Law Judge's ("ALJ") decision denying plaintiff's application for supplemental security income ("SSI"). *See* Dkts. 6, 11.

Plaintiff asserts four issues. First, plaintiff challenges the ALJ's assessment at 'Step Two' of the required five-step analysis, arguing the ALJ failed to properly consider the severity of his impairments. Dkt. 11 at 3. Second, plaintiff challenges the ALJ's Residual Functional Capacity ("RFC") determination, arguing the ALJ improperly discounted Dr. Alyssa Ruddell's opinion. Dkt. 11 at 6. Third, plaintiff argues the ALJ's res judicata findings failed to comply with *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988) and Acquiescence Ruling ("AR") 97-4(9). Dkt. 11 at 11. Finally, plaintiff argues the ALJ improperly rejected plaintiff's statements regarding symptoms and limitations associated with pain. Dkt. 11 at 15.

1

The parties unanimously consent to the jurisdiction of a Magistrate Judge. Dkt. 4. For the reasons below, the Court reverses and remands this matter for further administrative proceedings.

## I.   BACKGROUND

Plaintiff previously applied for supplemental security income ("SSI"), which was denied by ALJ M. J. Adams on May 22, 2020. Administrative Record ("AR") 95. ALJ Adams found, among other matters, that plaintiff's RFC limited him to "light work as defined in 20 CFR 404.1567(b) and 416.967(b)" among other limitations. AR 102.

Plaintiff again applied for SSI on April 5, 2021, alleging a disability beginning May 20, 2020. AR 45. Defendant denied plaintiff's application initially and on reconsideration. AR 180, 186. ALJ Cecilia LaCara held a hearing on February 5, 2024, before denying plaintiffs' claim on April 18, 2024. AR 42 (denial), 67 (hearing).

In sum, ALJ LaCara's decision denying benefits resolved the required five-step process as follows. First, plaintiff had not engaged in substantial gainful activity since April 5, 2021, the application date. AR 48. Second, plaintiff has numerous severe impairments -- lumbar spine disorder, obesity, depression, and anxiety order. AR 48. The ALJ found other impairments were not sufficiently severe (including hiatal hernia and GERD symptoms), but noted she "considered all of the complaint's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity." AR 48-49. Third, plaintiff did not have an impairment or combination of impairments that meet or medically equal the severity of listed impairments. AR 49. Fourth, plaintiff's RFC limited him to "medium work as defined in 20 CFR 416.967(c)" among other limitations. AR 51. Fifth, plaintiff was unable

to perform past relevant work, but could perform jobs that exist in significant numbers in the national economy (industrial cleaner, hospital cleaner, and laundry worker). AR 59-60. The ALJ listed all three jobs as requiring a "medium" work level. AR 60.

The Appeals Council denied review. AR 1. Plaintiff now appeals to this Court.

## II.     DISCUSSION

### A. Step Two (Severity of Impairments)

Plaintiff first challenges the ALJ's assessment of symptoms at Step Two, arguing that "the record documents repeated and persistent treatment for bothersome gastric and digestive symptoms . . ." Dkt. 11 at 4. "These records show persistent, ongoing pain, discomfort, and vomiting due to a combination of digestive impairments, and the ALJ failed to support the assertion that they no more than minimally affected his functioning." Dkt. 11 at 6.

For Step Two of the analysis required under 20 C.F.R. § 416.920(a)(4)(ii), the ALJ "consider[s] the medical severity of [plaintiff's] impairments." If plaintiff "do[es] not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled." *Id.* "An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(a).

"Step two is merely a threshold determination meant to screen out weak claims" and "is not meant to identify the impairments that should be taken into account when determining the RFC." *Buck v. Berryhill*,  869 F.3d 1040, 1048-49 (9th Cir. 2017) (noting

the "RFC therefore should be exactly the same regardless of whether certain impairments are considered 'severe' or not.").

"When an ALJ fails to identify a severe impairment at step two, but nonetheless considers at subsequent steps all of the claimant's impairments, including the erroneously omitted severe impairment, the error at step two is harmless." *Cindy F. v. Berryhill*, 367 F. Supp. 3d 1195, 1207 (D. Or. 2019) (citing *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007)). To illustrate, the Court in *Cindy F.* rejected an argument "simply pointing to a host of diagnoses scattered throughout the medical record" as the "ALJ considered all of Plaintiff's impairments at the subsequent steps of the sequential analysis and in his summary of the medical evidence." *Id.*

Here, the ALJ at Step Two found plaintiff had "the following severe impairments: lumbar spine disorder, obesity, depression, and anxiety disorder." AR 48. The ALJ further found these "medically determinable impairments significantly limit the ability to perform basic work activities . . ." AR 48. The ALJ also found the record contains evidence that other, non-severe conditions such as "hernia and GERD" which "caused symptoms," but "none that would result in significant work-related limitations or that persisted for the required duration, as they were generally controlled with medication and eventually surgery." AR 48.

The ALJ expressly noted the remainder of the decision "considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity." AR 49.

Thus, the ALJ decided in plaintiff's favor at step two and stated even non-severe limitations were considered for the plaintiffs' RFC. Thus, plaintiff "could not possibly

have been prejudiced" and "[a]ny alleged error is therefore harmless and cannot be the basis for a remand." *Buck*, 869 F.3d at 1049. As such, the Court finds any alleged error here was harmless.

## B. Step Four (RFC)

ALJ LaCara made the following RFC finding:

> claimant has the residual functional capacity to perform *medium work* as defined in 20 CFR 416.967(c) except work is limited to *simple routine tasks* with no contact with the public (incidental contact with the public can be allowed but cannot be part of the main duties of the position), occasional superficial interaction with coworkers that do not involve any tandem tasks, and occasional interaction with supervisors.

AR 51 (emphasis added). Plaintiff first challenges ALJ LaCara's incorporation of Dr. Ruddell's opinion into the RFC. Dkt. 11 at 6. Plaintiff then argues ALJ LaCara failed to give sufficient res judicata consideration to ALJ Adams' prior finding plaintiff could only "perform light work" (AR 102), as ALJ LaCara's subsequent decision found plaintiff could "perform medium work." (AR 51). Dkt. 11 at 11.

### i.    Dr. Ruddell's Opinion

Plaintiff first challenges the ALJ's RFC by arguing the ALJ erroneously discounted Dr. Ruddell's medical opinion. Dkt. 11 at 6. This includes the ALJ's evaluation of the opined moderate limitations, *e.g.*, Dkt. 11 at 7-8, and marked limitations. *E.g.* Dkt. 11 at 8-11.

Dr. Ruddell provided evaluations in 2021 and 2023 on behalf of Washington's Department of Social and Health Services ("DSHS"). AR 504, 937.

Both evaluations contain disclaimers that the evaluation was 'telephonic' and 'represents client report.' AR 504, 937. Both evaluations document the plaintiffs' reported history (psychosocial, medical, educational, daily living, etc.). AR 504-05, 937-

38. Both forms document Dr. Ruddell's "clinical findings" and "assessment/diagnosis." AR 505, 938. And both forms document plaintiff's limitations using a check-box format. AR 506, 939. Neither form indicated severe limitations, but there were some "marked" limitations. AR 506, 939. Each form noted an overall severity rating of "marked" and "moderate" in 2021 and 2023 respectively. AR 506, 939.

### a. Dr. Ruddell's Marked Limitations

Here, the ALJ rejected the "marked" limitations as Dr. Ruddell "did not provide any narrative explanation or cite specific support for allegedly marked limitations." AR 58 (stating also that "because Dr. Ruddell did not provide sufficient explanation or support for the limitations she assessed, it appears that her opinion was based in part on the claimant's subjective reports, which are not entirely consistent with the record").

The Ninth Circuit has cautioned, "[p]sychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields" as "[d]iagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).

The Ninth Circuit has also "accepted the discounting of a medical opinion set forth in a checkbox form with little to no explanation." *Kitchen v. Kijakazi*, 82 F.4th 732, 740-41 (9th Cir. 2023); *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) (quoting *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2021) ("While an opinion cannot be rejected merely for being expressed as answers to a check-the-box questionnaire . . . 'the ALJ may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions' . . .").

Because the ALJ's decision on this point is supported by the law and by substantial evidence, the ALJ properly rejected reliance on Dr. Ruddell's "marked" limitations.

### b. Dr. Ruddell's Moderate Limitations

The ALJ also found an RFC "for simple, routine tasks with limited interpersonal interaction generally accounts for moderate functional limitations." AR 58.

Plaintiff argues that "[w]hile the RFC includes limitations to simple, routine tasks with limited social contact, Dr. Ruddell opined that plaintiff would have moderate *difficulty* performing even routine tasks without special supervision." Dkt. 11 at 7 (emphasis in original) (citing AR 939). Plaintiff further argues the "ALJ did not explain how a limitation to 'simple, routine tasks' would accommodate a limited ability to maintain a schedule, appropriate behavior, or accommodate interruptions from behavioral symptoms." Dkt. 11 at 8.

An ALJ's RFC need not incorporate limitations verbatim, so long as the RFC adequately translates and captures said limitations. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008); *see also Merrill-Russell v. Comm'r of Soc. Sec.*, 411 F. Supp. 3d 503, 509 (D. Ariz. 2019).

Courts have found a limitation to "simple, routine tasks" adequately translates a moderate limitation for performing work activities without special or additional supervision. *See, e.g.*, Amloian *v. Colvin*, No. SA CV 15-02081-DFM, 2016 WL 7223260, at *5-*6 (C.D. Cal. Dec. 13, 2016). Courts have held the same for interruptions from "psychologically based symptoms." *Cobb v. Colvin*, No. 3:16-CV-05112-DWC, 2016 WL 3856144, at *3 (W.D. Wash. Jul. 15, 2016).

The same cannot be said for "work schedule limitations," which are "not addressed by a restriction to simple, routine tasks." *Darrell F. v. Bisignano*, No. 24-cv-08590-SK, 2025 WL 3500538, at *10-*11 (N.D. Cal. Sept. 11, 2025) (addressing an ALJ decision which "credited" a medical opinion that plaintiff "had a moderate limitation in his ability to complete a normal workweek."). In *Darrell F.*, the Court upheld the RFC as the medical opinion gave sufficient explanation because it: "specifically stated that Plaintiff would not have a work schedule limitation if he was restricted to simple, routine tasks." *Id.* at *11. Here, unlike the medical opinion in *Darrell F.*, Dr. Ruddell did not offer that detail linking the simple, routine tasks with the work schedule limitation.

Thus, the Court holds the ALJ erred by omitting specific scheduling limitations from the RFC and stating only that plaintiff was limited to "simple, routine tasks."

### ii.   Res Judicata

Plaintiff next argues ALJ LaCara "erred by increasing Plaintiff's physical RFC since the prior ALJ decision, without meeting the Agency's burden of showing medical improvement to support the less-restrictive finding." Dkt. 11 at 11. "The ALJ's failure to give 'some res judicata consideration' to the prior RFC assessment, or to explain the basis for finding improvement since the prior findings, is legal error and requires remand." Dkt. 11 at 11 (quoting *Chavez*, 844 F.2d at 693-94).

ALJ LaCara's decision explained the "prior ALJ decision" (by ALJ Adams in May 2020) found that plaintiff "could perform *light work*" as defined in 20 CFR 404.1567(b) and 416.967(b), "without any postural or environmental restrictions and was limited to simple tasks and occasional interaction with coworkers but no tandem tasks, occasional

interaction with the public, and occasional changes in the work setting." AR 56 (emphasis added) (citing AR 102, 105-06).

ALJ LaCara found ALJ Adams' prior May 2020 decision "moderately persuasive." AR 56. ALJ LaCara explained the prior decision "accounts for limitations resulting from the claimant's impairments, but the current record contains recent imaging that has been described as 'essentially normal' . . . which, when considered in connection with the modest examination findings of record, suggest the claimant is capable of more than light exertion." AR 56 (quoting AR 1231).

Ultimately, ALJ LaCara formulated an RFC which limited plaintiff to "perfom[ing] *medium work* as defined in 20 CFR 416.967(c)," in addition to various other non-physical limitations. AR 51 (emphasis added).

"The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings." *Chavez*, 844 F.2d at 693.

"Normally, an ALJ's findings that a claimant is not disabled 'creates a presumption that the claimant continued to be able to work after that date.'" *Vasquez v. Astrue*, 572 F.3d 586, 597 (9th Cir. 2009) (quoting *Lester v. Chater*, 81 F.3d 821, 827 (1995)).

"The claimant, in order to overcome the presumption of continuing nondisability arising from the first administrative law judge's findings of nondisability, must prove 'changed circumstances' indicating a greater disability." *Chavez*, 844 F.2d at 693 (citation omitted). This includes when "'the claimant raises a new issue, such as the

existence of an impairment not considered in the previous application.'" *Vasquez*, 572 F.3d at 597 (quoting *Lester*, 81 F.3d at 827).

"If the claimant rebuts the presumption, adjudicators then must give effect to certain findings, as explained below, contained in the final decision by an ALJ or the Appeals Council on the prior claim, when adjudicating the subsequent claim." AR 97-4(9), 1997 WL 742758, at *3 (noting also "this Ruling applies only to a finding of a claimant's residual functional capacity" among other subjects). "Adjudicators must adopt such a finding from the final decision on the prior claim . . . unless" (1) "there is new and material evidence relating to such a finding or" (2) "there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding." *Id.*

To illustrate the above principles, a Court may ultimately find an ALJ correctly found a "decision by another ALJ that [plaintiff] was not disabled [was] not entitled to res judicata" due to "'changed circumstances.'" *Drake v. Saul*, 805 Fed. App'x. 467, 468 (9th Cir. 2020). Even so, the ALJ may still "commit[] reversible error in failing to give res judicata effect to the residual functional capacity" when "there is no evidence that the limitations reflected in the [prior] RFC findings improved." *Id.*

Here, defendant does not dispute plaintiff met the 'changed circumstances' requirement to rebut a presumption of non-disability by alleging "impairments not previously considered" in the previous ALJ decision. *See* Dkt. 13 at 10-12.

As to whether "there has been a change in the law," AR 97-4(9), 1997 WL 742758, at *3, defendant argues the 2017 regulatory changes to the evaluation of medical evidence satisfies this requirement. Dkt. 13 at 11. However, it is undisputed ALJ LaCara did not cite these regulatory changes when making her re judicata finding.

10

AR 56. Thus, defendants may not now assert these changes as "'long-standing principles of administrative law require [a court] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.'" *Balcazar v. Comm'r of Soc. Sec.*, No. 1:24-cv-00305-EPG, 2024 WL 3637967, at *8 (E.D. Cal. Aug. 2, 2024) (quoting *Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1225 (9th Cir. 2009)).

Next is whether there "is new and material evidence relating to such a finding." AR 97-4(9), 1997 WL 742758, at *3. In the present case, the ALJ increased the plaintiff's capacity for work from "light" to "medium" in line with the regulatory definitions of those terms. This finding thus necessarily included these regulatory definitions, meaning the ALJ found plaintiff's lifting capacity increased from "no more than 20 pounds" to "no more than 50 pounds," and the plaintiff's ability for "frequent lifting or carrying" increased from "up to 10 pounds" to "up to 25 pounds." 20 CFR 416.967(b)-(c); *see also* 20 CFR 404.1567(b)-(c). In other words, medium work requires more than double the lifting capacity of light work.

ALJ LaCara justified the increase from light to moderate work by noting "the current record contains recent imaging that has been described as 'essentially normal' . . . which, when considered in connection with the modest examination findings of record, suggest that the claimant is capable of more than light exertion." AR 56 (quoting AR 1231). This refers to clinical notes regarding "lumbar, thoracic and cervical MRIs" and "a brain MRI," both of which were noted as "essentially normal." AR 1231. The note further opines that "[b]ased on his imaging findings and exam findings I do not see how" "obtaining disability for his current pain symptoms" "would be warranted." AR 1232.

However, the ALJ's decision, beyond this specific citation and a generalized gesture towards 'modest' exam findings, fails to explain or offer specific support as to how the record specifically demonstrate plaintiffs' lifting and exertional capacity improved to the degree required for medium work under the applicable regulations. *See, e.g.*, *Elizabeth C. v. Comm'r of Soc. Sec.*, No. C20-5025-BAT, 2021 WL 62438, at *4 (W.D. Wash. Jan. 7, 2021) ("None of those examination notes address functional capacity, lifting ability, or restrictions on standing, walking, or sitting.").

Thus, the Court holds ALJ LaCara's decision regarding ALJ Adams' past decision was not supported by new and material evidence relating to plaintiffs' specific capacity for light versus medium work.

### C. Subjective Complaints

Plaintiff next argues the ALJ failed to offer clear and convincing reasons for rejecting his subjective complaints regarding pain. Dkt. 11 at 15.

The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)).   When assessing a plaintiff's credibility, the ALJ must determine whether plaintiff has presented objective medical evidence of an underlying impairment. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014). If such evidence is present and there is no evidence of malingering, the ALJ can only reject plaintiff's testimony regarding the severity of his symptoms for specific, clear and convincing reasons. *Id.* (*citing Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). An ALJ "may not 'take a general finding—an unspecified conflict between [c]laimant's testimony . . . and her reports to doctors—and

comb the administrative record to find specific conflicts.'" *Lambert v. Saul*, 980 F.3d 1266, 1277-78 (9th Cir. 2020) (quoting *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014)). This Court is not permitted to "fill in the ALJ's reasoning" to remedy the ALJ's analysis on this issue. *Id.* at 1278.

Here, the ALJ found, and defendant does not substantively dispute, that plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms . . .," thus satisfying the first part of the above analysis. AR 52; Dkt. 13 at 12-15.

The ALJ additionally found that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 52.

In so finding, the ALJ provided a summary of plaintiffs' testimony and then separately summarized plaintiffs' treatment history, which the decision characterized as containing "modest examination findings" or "normal" imaging. AR 51-52 (testimony), 52-54 (treatment). The Ninth Circuit has disapproved of a ALJs relying on "high-level reasons" supported by a "summary of medical evidence," even when the summary is "relatively detailed." *Lambert*, 980 F.3d at 1277-78 (9th Cir. 2020) (internal citations and quotation marks omitted). On a similar note, providing a separate and generalized summary of plaintiff's testimony is problematic as an "ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

The Court declines to hold such error was harmless. "An error is harmless only if it is 'inconsequential to the ultimate nondisability determination.'" *Lambert*, 980 F.3d at 1278 (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015)). As in *Lambert*, because "the ALJ did not provide enough 'reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence,' we cannot treat the error as harmless." *Id.* (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (2014)).

### III.    CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings, on an open record. On remand, the issues the ALJ must address include re-evaluating Dr. Ruddell's opinion, re-evaluating the degree of deference owed to ALJ Adams' prior decision, and re-evaluating plaintiffs' subjective testimony.

Dated this 18th day of June, 2026.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge